**10 CIV. 3665**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Luis Garcia
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

Captain Chives #1473
Captain Collins #1469
Officer Pettiford #8207
Officer Bolling #17374
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

# COMPLAINT

under the
Civil Rights Act, 42 U.S.C. § 1983
(Prisoner Complaint)

Jury Trial: ☒ Yes ☐ No
(check one)

## I. Parties in this complaint:

A. List your name, identification number, and the name and address of your current place of confinement. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff   Name **Luis Garcia**
ID # **4410910203**
Current Institution **G.R.V.C**
Address **09-09 Hazen St East Elmhurst NY 11370**

B. List all defendants' names, positions, places of employment, and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

*Rev. 05/2007*                                                1

Defendant No. 1   Name CAPTAIN GIVES                    Shield # 1473
                  Where Currently Employed N.I.C.
                  Address 1500 HAZEN ST EAST ELMHURST NY 11370

Defendant No. 2   Name CAPTAIN COLLINS                  Shield # 1469
                  Where Currently Employed N.I.C
                  Address 1500 HAZEN ST EAST ELMHURST NY 11370

Defendant No. 3   Name OFFICER PETTIFORD                Shield # 8207
                  Where Currently Employed N.I.C
                  Address 1500 HAZEN ST EAST ELMHURST NY 11370

Defendant No. 4   Name OFFICER BOLLING                  Shield # 17374
                  Where Currently Employed N.I.C
                  Address 1500 HAZEN ST EAST ELMHURST NY 11370

Defendant No. 5   Name _____      Shield # _____
                  Where Currently Employed _____
                  Address _____

**II. Statement of Claim:**

State as briefly as possible the facts of your case. Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A. In what institution did the events giving rise to your claim(s) occur? N.I.C. NORTH FACILITY COMMAND

B. Where in the institution did the events giving rise to your claim(s) occur? ENTERING DORM 3 By INMATE BATHROOM.

C. What date and approximate time did the events giving rise to your claim(s) occur? APPROXIMATLY 1210  3/3/2010

*Rev. 05/2007*                                2

D. Facts: See Attach

<table>
<tr><td>What happened to you?</td></tr>
</table>

<table>
<tr><td>Who did what?</td></tr>
</table>

<table>
<tr><td>Was anyone else involved?</td></tr>
</table>

<table>
<tr><td>Who else saw what happened?</td></tr>
</table>

### III. Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. Sent for X-Ray. Toe was black & blue. I suffered extreme pain. Doctor in Urgent Care put a splint and a ace bandage with medical boot. He also gave me a cane and told me there is a big chance of tissue damage also muscle damage.

### IV. Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes X   No ___

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s). **NORTH COMMAND (N.I.C)**

B. Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

Yes **X**   No ____   Do Not Know ____

C. Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

Yes ____   No ____   Do Not Know **X**

If YES, which claim(s)? _____

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

Yes ____   No **X**

If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

Yes ____   No **X**

E. If you did file a grievance, about the events described in this complaint, where did you file the grievance? **N/A**

1. Which claim(s) in this complaint did you grieve? **N/A**

2. What was the result, if any? **N/A**

3. What steps, if any, did you take to appeal that decision? Describe all efforts to appeal to the highest level of the grievance process. **SOUTHERN DISTRICT COURT**

F. If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here: **ITS A FAILURE TO PROTECT AND IF THIS MATTER COULD OF BEEN GRIEVED, I WOULD OF. THE DAMAGE WAS DONE SO I'M RASING MY CLAIM TO SOUTHERN DISTRICT COURT OF NEW YORK.**

2. If you did not file a grievance but informed any officials of your claim, state who you

*Rev. 05/2007*                                           4

informed, when and how, and their response, if any: I SPOKE WITH THE COORDINATOR FROM THE LAW LIBARY AT N.I.C OKON J. AKPAN JR. HE TOLD ME A FAILURE TO PROTECT COULD NOT BE GRIEVED SO I'M FILING THIS 1983.

G. Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.   N/A

Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V. Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). I WOULD LIKE THE COURT TO REACH A SETTLEMENT WITHIN THE AMOUNT OF 1.2 MILLION DOLLARS.

VI. **Previous lawsuits:**

|On these claims|

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____ No _X_

B. If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____

_____3. Docket or Index number _____

_____4. Name of Judge assigned to your case _____

5. Approximate date of filing lawsuit _____

6. Is the case still pending? Yes _____ No _____

If NO, give the approximate date of disposition _____

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) _____

|On other claims|

C. Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____ No _X_

D. If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1. Parties to the previous lawsuit:

Plaintiff _____

Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____

_____3. Docket or Index number _____

_____4. Name of Judge assigned to your case _____

5. Approximate date of filing lawsuit _____

6. Is the case still pending? Yes _____ No _____

If NO, give the approximate date of disposition _____

*Rev. 05/2007*                                         6

7. What was the result of the case? (For example: Was the case dismissed? Was there judgment in your favor? Was the case appealed?) N/A

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this 10 day of April, 2010.

Signature of Plaintiff: *Luis Garcia*
Inmate Number: 4410910203
Institution Address: 09-09 Hazen St
East Elmhurst N.Y.
11370

Note: All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this 10 day of April, 2010, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff: *Luis Garcia*

On March 3, 2010 At Approximately 12:10 PM Hours I Was Escorted From Social Service Back To Dorm 3 Bing Area. I Was Escorted By Captain Gives #1473 Also Captain Collins #1469. Entering Dorm 3 The Officers Suppose To Clear The Area Which Was Not Cleared. At This Time Inmate Sullivan Roshawn Pushed By My Escorting Captains And Rushed Me To The Grown, Also Punching Me In My Facial Area Many Time While Being Cuffed To The Back.

As I Fell To The Floor When This Inmate Rushed Me, I Hurt My Left Big Toe. I Was Sent To Urgent Care For X-Rays Cause I Suffered Extreme Pain To My Toe Also It Was Black & Blue For Sometime. Officer Pettiford #6207 Working Dorm 3 A Post Along With Officer Bolling #17374 Working B Post. These Officers Failed To Clear The Area For Me To Be Escorted Back To My Cell. These Officers Having Knew There Was A Substaintial Risk Of Serious Harm Disregared The Risk By Failing To Take Reasonable Measures To Avoid It.

Officer Pettiford #6207 Also Officer Bolling #17374 Knew Of A Altercation Just Days Before Which Demonstrates That Offical Had Knowledge Of Risk And Disregarded By Failing To Protect Me. Captain Gives Also Captain Collins Knew Of Me And This Guy Having Problems Which Also Did Anything To Take Reasonable Measures To Avoid It.

My 8th Amendment Was Violated, Cruel And Unusual Punishment Was Inflicted To Me

Cause These Officers And Captains Failed To Protect Me From Being Assaulted.

Pendant Cause Of Action The Allegation Set Fourth In Paragraph 1 Through 4 Are Incorperated Herein By Reference.

1) Correction Officer Pettiford #8207 Violated My 8th Amendment Right By Failing To Protect Me. Having Knowledge Of Substaintial Serious Harm To My Well Being. Officer Pettiford #8207 Also Violates My Due Process As Well As Her Institutional Rules And Regulations Incorperated By The New York City Department Of Correction In Regards To My Care Custody And Control.

2) Correction Officer Captain Collins #1469 Violated My 8th Amendment Right By Knowing That Their Was A Problem And Did Not Take Reasonable Measure To Avoid It. She Also Violates My Due Process As Well As Institutional Rule And Regulations Incorperated By The New York City Department Of Correction Due To My Care Custody And Control.

3) Correction Officer Bolling #17374 Violated My 8th Amendment Right As Well As Her Institutional Rules And Regulations Incorperated By The Department Of Correction In Regards To My Care Custody And Control. She Failed To Protect Me From Being Assaulted. Cruel And Unusual Punishment Was Inflicted.

(4) Correction Captain Gives #1473 Violated My 8th Amendment Right By Failing To Protect Me From Cruel And Unusual Punishment. She Also Had Knowledge Of The Incident That Happen Days Before This Guy Attack Me.

Count I 42 U.S.C 1983 8th Amendment, Cruel And Unusual Punishment. The City Of New York Is Responsible For These Correction Officers Actions And Were Acting Within The Scope Of Their Employment When These Officers Failed To Protect Me Luis Garcia In The Department Of Correction.

Count II 42 U.S.C 1983 14th Amendment Has Been Violated And The City Of New York, Department Of Correction Is Responsible Because At The Time These Officers Were Acting Within The Scope Of Their Employment.

Jurisdiction And Venue 28 U.S.C 1331 The Following Provisions Confer Jurisdiction On This Count (I) 28 U.S.C Which Authorizes Jurisdiction In District Courts Of Civil Actions Under Constitutional Laws And Treaties Of United States (2) 28 U.S.C Which Authorizes Jurisdiction In Courts, District Court Of Arising Under 42 U.S.C 1983. Venue In This District Is Proper Pursuant To 28 U.S.C In That The Plaintiff Cause Of Actions Arose In Qu- County Or Bronx County Which I

Southern District Court Of New York. New York City Department Of Correction Is A Municipal Corporation Which Is Within The Scope Of New York.

Wherefore: Plaintiff Demands The Following Relief Jointly And Severally Against All Defendants:

A. Compensatory Damages In The Amount Of 1.2 Million Dollars.

B. Punitive Damages In The Amount Of 1.5 Million Dollars.

C. Such Other And Further Relief As This Court May Deem Just And Proper.

D. Plaintiff Demands Trial By Jury